### HOFFMAN v. LAWRENCE WAREHOUSE CO.

Circuit Court, Dade County.

November 29, 1957.

Joseph I. Davis, Miami for plaintiff.

Sturrup & Gautier, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

The court has heard and considered the defendant's motion for leave to file a cross-claim against Hollywood Builders Supply, Inc. and to bring such corporation into the action as an additional party.

The motion is predicated on an erroneous construction of rules 1.13(7) and 1.13(8) of the Florida Rules of Civil Procedure, which were copied from, and should be given the same construction as, rules 13(g) and 13(h) of the Federal Rules of Civil Procedure.

A cross-claim may be asserted properly *only* against a *co-party* under our state rule 1.13(7) or under federal rule 13(g); and, when (and only when) a cross-claim is so properly asserted, may one not a party to the original action be brought in, under state rule 1.13(8) or federal rule 13(h), if his presence is required for the granting of complete relief in the determination of the cross-claim.

Neither our state rules, 1.13(7) and 1.13(8), nor the federal rules, 13(g) and 13(h), should be confused, however, with impleader (third-party practice). Impleader, or third-party practice, is provided for by rule 14 of the Federal Rules of Civil Procedure, but the draftsmen of our state civil procedural code (although much of the federal system was adopted) purposefully omitted from our state rules the provisions of federal rule 14. See Moore's Federal Practice (Second Edition), page 101 (and cases cited) and 1956 Cumulative Supplement, page 28 (and case cited).

Personally, I think we should have in our state procedural rules provisions, such as are found in the federal rules, for impleader or third-party practice, but since we do not have, the order the entry of which the defendant seeks cannot be properly entered; and, therefore, the mentioned motion is denied.